Nash, J.
 

 It is a well established principle governing the action of Ejectment, that the death of the lessor of the plaintiff does not abate the suit; and for the reason, that the right to carry it on is supposed to be in the lessee. Nor can the death be pleaded, since the last continuance ; and if the action is prosecuted to judgment, it is not error. Adams' on Ejectment, 2S9.
 
 Turner
 
 v
 
 Grey,
 
 Str. 1058. The suit is, or may be, carried on precisely, and judgment rendered precisely, as if the lessor was still alive,
 
 Mowberry
 
 v
 
 Marge, 2
 
 Mumford R. 453, without taking any notice of the death of the lessor or of his heirs, The defendant may, however-, if he thinks proper, obtain a rule upon the heirs, to give cecurity for the costs, which the Court will grant, if they are hi danger. — as if the securities of the prosecution are insolvent, or in doubtful circumstances.
 
 Carter v Washington and others, 2
 
 Hen. & Mun. R. 31. Purvis and Hill, Do. 614. So fully does the law, for the purpose of carrying op the suit, consider the lessee of the- plaintiff, that an action
 
 *45
 
 may be maintained in his name, for the mesne profits, after the lessor, or his heirs, have been put in possession of the premises.
 
 Holdfast v
 
 Shepard, 9 Ired. 222. His Honor, who tried the cause below, was aware that the death of Thomas did not abate the suit; but he was of opinion, that there was no one who succeeded to his claim, and asked, or desired, so far as appeared to the Court, that the
 
 title
 
 should be tried; and, as there was no responsible person plaintiff, to comply with and perform the orders and rules of the-Court, that should be made in the cáse; and, as there was no one who could be attached for such costs as the plaintiff might be ordered to pay, during the progress oí the suit, • the plaintiff ought to be called.
 

 We think there is error in the opinion. The first reason assigned by his Honor, is at variance with the record. Upon the death of the lessor, the lessee obtained permission to amend the declaration, by. adding counts upon the demise of the heirs. The names of the heirs — ten in number— are specified upon the record. Subsequently, four of them withdrew their names, as not being willing to carry on the suit. The names of the others remained; thereby showing that they were desirous so to do. There were, then, persons who succeeded to the rights of the lessor, and wished the suit should proceed. Any part, of the heirs were competent to carry it on, as an action on the demise of any one or more, could be brought. The second ground assumed in the opinion, is equally untenable. There were persons who were responsible for the costs. By law, upon the return of a declaration in Ejectment, before the defendant can be called on to plead, bond, with good and sufficient sureties, to prosecute, &c., must be filed by the plaintiff. A prosecution bond was, in this ease, given; and no allegation, or suggestion is made of its insufficiency. The costs then are secured, and there are persons answerable for them, If his
 
 *46
 
 Honor was correct in the course he pursued, it would be much better for those who succeeded to the rights of the lessor, that the suit should abate upon his death; as, in that case, they would be responsible only ior the costs of the plaintiff, whereas, by the judgment of non-suit, they would ultimately be answerable for the whole.
 

 We are of opinion that there is error in the opinion of the Court below, as above pointed out. The judgment is reversed, and a venire de novo awarded.
 

 Per Curiam. Judgment reversed, and
 
 venire de nono.